UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ROY THEODORE REYNOLDS, | ) | |
| | ) | |
| Petitioner, | ) | 1:10-cv-297/1:08-cr-66-01 |
| | ) | |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **M E M O R A N D U M**

This matter comes before the Court on remand from the United States Court of Appeals for the Sixth Circuit (Court File No. 65). This Court's denied Petitioner[1] Roy Theodore Reynolds' ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 45). The Sixth Circuit reversed in part and held that the record was insufficient for the Court to determine whether Petitioner directed his counsel to file a notice of appeal on his behalf (Court File No. 65). The Sixth Circuit remanded directing this Court to conduct an evidentiary hearing to determine whether Petitioner had indeed directed his counsel to file an appeal (*id.*). Pursuant to the Sixth Circuit's order, the Court held an evidentiary hearing on August 4, 2014 (Court File No. 80). Having heard evidence and considered the briefs submitted by the parties, the Court finds that Petitioner did not direct his counsel to file a notice of appeal. Petitioner's motion will be **DENIED** (Court File No. 45).

---

[1] Technically, a party bringing a motion under 28 U.S.C. § 2255 is a moving party rather than a petitioner for writ of habeas corpus. *See, e.g., United States v. Sanders*, 3 F. Supp. 2d 554, 556–58 (M.D. Pa. 1998) (discussing similarities and differences between habeas corpus petitions under 28 U.S.C. § 2241 and 2254, and motions under 28 U.S.C. § 2255).

## I. FACTUAL BACKGROUND

Petitioner Roy Theodore Reynolds was indicted by a grand jury sitting in the Eastern District of Tennessee in a nine count indictment for knowingly receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Court File No. 1). He pleaded guilty to one count of the nine-count indictment in September 2008. In June 2008, Petitioner's attorney, Mary Ellen Coleman, filed a motion to withdraw Reynold's guilty plea; shortly thereafter however, Petitioner's pro se motion to appoint new counsel was granted. The Court appointed attorney Clay Whittaker to represent Petitioner who, after meeting with Petitioner, filed a motion to strike the request to withdraw the guilty plea. During the sentencing hearing the Court conducted a lengthy colloquy with the Petitioner, interrupted several times for conferences between Petitioner and his attorney. During this colloquy the Court reminded the Petitioner of the plea colloquy wherein Petitioner had admitted to knowingly receiving child pornography, explained to him again what it meant to be guilty of the crime, and asked whether he still intended to plead guilty. The Court further inquired as to each of the elements of the crime and asked the Petitioner whether he would like to amend any of his prior responses indicating that he was in fact guilty. Petitioner stated he was guilty. After hearing from Petitioner, Petitioner's counsel, and the Government, the Court imposed a sentence of 110 months incarceration. The Court advised Petitioner of his right to appeal the sentence and that the Court would appoint counsel for him for his appeal if he could not afford counsel. Petitioner did not file an appeal from the Court's sentence.

Petitioner later filed this 2255 petition for habeas relief asserting, among other things, that Petitioner's counsel was ineffective for failing to file an appeal after being directed to do so by Petitioner. The Court denied all of Petitioner's claims. Petitioner appealed, and the Sixth Circuit

2

Case 1:08-cr-00066-CLC-SKL   Document 87   Filed 12/08/14   Page 2 of 6   PageID #: 758

reversed and remanded holding that the Court did not have enough information to decide whether Petitioner had asked his counsel to file an appeal. Pursuant to that remand the Court held an evidentiary hearing where the Court heard evidence from both Petitioner and his former counsel, Whittaker.

**II. DISCUSSION**

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the performance was so defective as to prejudice the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With regard to the failure to file an appeal, a petitioner must show that either his attorney failed to consult with him regarding his appeal or that counsel disregarded his instructions. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Failure to file an appeal when directed to do so by the client is presumed prejudicial. *Id.* at 477.

Petitioner's claim comes down to competing versions of a single five minute stretch immediately following the sentencing hearing. Petitioner claims to have immediately directed his counsel to file an appeal. Whittaker claims that he did not. Having heard evidence from both sides, the Court credits Whittaker's story because the Court does not find Petitioner or his account of events credible. Petitioner's own version of events is inconsistent with his prior statements before the Court such that he was either lying then or he is lying now. He has a much stronger incentive to shade the truth than his counsel. Finally, the actions Petitioner took in the months following the sentencing are inconsistent with his version of those events.

First, Petitioner's own account of events detracts from his credibility. During both the plea colloquy and the sentencing hearing, the Court questioned Petitioner regarding his understanding

3

of the charges against him. For example, during the sentencing hearing the Court discussed the mens rea requirements for the charged offense in detail:

> Mr. Reynolds, it is not a crime to have child pornography. It is a crime to knowingly possess child pornography. If someone walks out of the courtroom and someone slipped some child pornography in their purse, that person has not committed a crime at all. If someone is downloading something on the computer and someone sneaks something in a file and it just shows up on your computer, that is not a crime. So when you tell me that you had child pornography on your computer, that doesn't say anything at all.

(Court File No. 53, Sent'g Hearing Tr. 10). After again walking Petitioner through the discussions that had already taken place at the plea colloquy, the Court asked Petitioner " So you're telling me again that you are in fact guilty of this crime?" (*id*. at 12). Petitioner said yes. The Court prodded further: "And that means you knowingly received child pornography?" (*id*.). Petitioner again agreed. The Court rephrased one final time, making sure that Petitioner understood the proceedings; "And that means that you knowingly possessed child pornography?" (*id*.). When Petitioner again agreed, acknowledging his guilt for the third time in as many questions, the Court proceeded with the latter part of the sentencing hearing. Petitioner now contradicts those answers. At the evidentiary hearing, Petitioner attempted to maintain his innocence, arguing that when he entered his guilty plea, he was in a stupor caused by withdrawal from prescription antidepressants blindly following the directives of counsel. (Court File No. 83, Evid. Hearing Tr. 73–82). He claims he was again just following counsel's orders at the sentencing hearing—lying to the Court at the direction of counsel (*id*. at 91–94; 110–113). The Court does not find it credible that two experienced counsel directed Petitioner to lie under oath in open court.

In deciding between the two accounts, the Court also looks to the relative motivations of Petitioner and his counsel. Notably, the Petitioner has a strong incentive to shade the truth, as the

4

outcome of his appeal hinges on what happened in those five minutes.  Whittaker is not facing any sort of comparable high stakes in his own testimony.

Finally, Petitioner's version of events is not credible.  According to Petitioner's account, he directed Whittaker to file an immediate appeal.  He claims after the sentencing hearing on October 22, Whittaker agreed to file an appeal and informed Petitioner he would be by to see him in a few days (*id*. at 65).  After that conversation, Petitioner did not receive any communication from Whittaker.  Both Whittaker and Petitioner agree that Petitioner's first attempt to communicate with Whittaker after the sentencing was by letter in August 2010 (*id*. at 23–24, 68).  The Court finds it difficult to believe that Petitioner, a man who knew how to reach his counsel when he needed to and a man who was unhappy with his counsel's failure to raise various arguments at his sentencing, would fail to follow up with Whittaker for ten months.  This delay is inconsistent with Petitioner's narrative and casts doubt on his version of events.

For these reasons, the Court does not find Petitioner credible and thus finds that he did not direct his counsel to file an appeal.

## IV.    CONCLUSION

Having considered the evidence presented by Petitioner and the government at the evidentiary hearing, the Court finds that, after consulting with his counsel, Petitioner did not direct his counsel to file an appeal. Thus Petitioner cannot meet the first part of the *Strickland* test. Accordingly, the motion for relief under Title 28, United States Code, Section 2255 will be **DENIED** (Court File No. 45).

An Order shall enter.

5

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**